[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 14, 2006
THOMAS K. KAHN
CLERK

No. 05-14327
Non-Argument Calendar

_____

D. C. Docket No. 04-00638-CR-01-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CARLOS MERINO-LEON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 14, 2006)

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant, Jose Carlos Merino-Leon, appeals his sentence of 108

months' imprisonment for conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846.[1] On appeal, Merino-Leon argues that the district court clearly erred in denying his request for a minor role reduction. For the reasons that follow, we affirm.

## I. Background

Merino-Leon was indicted and pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine. His co-conspirators included Michael Gurule, Fausto Gonzalez-Ortiz, Javier Silva and Carlos Quinones. Silva and Quinones operated the conspiracy and used the remaining co-conspirators to transport the drugs.

On one occasion, Silva instructed Gurule to drive a truckload of drugs from New Mexico to Atlanta. On the way, Gurule was stopped by police, and the drugs were discovered. The police persuaded Gurule to assist in a controlled delivery of the drugs. As instructed by Silva, Gurule contacted Merino-Leon upon arriving in Atlanta. Merino-Leon and Gonzalez-Ortiz met Gurule and took the keys to the truck. The next morning, Merino-Leon and Gonzalez-Ortiz met Ferdinand Gallegos to transfer the drugs to a second truck. All three were arrested during the

---

[1] Because the district court applied the safety-valve reduction, U.S.S.G. § 5C1.2, to Merino-Leon's sentence, he was not subject to the mandatory minimum sentence for his drug conviction.

transfer.

The probation officer prepared a presentence investigation report, to which Merino-Leon filed a single objection, asserting that he was entitled to a reduction for his minor role in the offense. U.S.S.G. § 3B1.2. At sentencing, he argued that he was entitled to the reduction because he had no possessory interest in the drugs, did not organize the operation, did not arrange for the purchase or concealment of the drugs, and was merely a courier. He further asserted that he was less culpable than his co-conspirators. The district court overruled Merino-Leon's objection, finding that he was held accountable only for his own conduct and that he was not less culpable than the other participants in the conspiracy. In so ruling, the court noted the following: (1) Gurule was instructed to contact Merino-Leon upon arrival in Atlanta; (2) the conspiracy operators apparently trusted Merino-Leon; and (3) Merino-Leon played an integral role in the conspiracy.

## II. Discussion

We review a district court's determination of a defendant's entitlement to a minor role reduction for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of the reduction bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. Id. at 939.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity, U.S.S.G § 3B1.2, which means he "is less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n. 4-5.

In determining whether a reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable–not a minor role in any larger criminal conspiracy–should the district court grant a downward adjustment for minor role in the offense." Id. at 944. Such reductions are to be given infrequently. United States v. Costales, 5 F.3d 480, 486 (11th Cir.1993).

Here, Merino-Leon played an integral role in transporting the drugs. See De Varon, 175 F.3d at 942-43 ("When a drug courier's relevant conduct is limited to [his] own act of importation [or transportation], a district court may legitimately conclude that the courier played an important or essential role in the importation of

4

those drugs.").  Furthermore, Merino-Leon failed to meet his burden in proving that others who were involved in the relevant conduct attributed to him were more culpable than he was.  Accordingly, the district court did not clearly err in denying the minor role reduction.

Finally, because Merino-Leon is not entitled to a minor role reduction, he likewise is not entitled to an additional reduction pursuant to U.S.S.G. § 2D1.1(a)(3), as the latter reduction only applies in cases where a defendant receives a mitigating role reduction.

## III. Conclusion

Because Merino-Leon was held accountable only for those drugs that he handled, and because he failed to show by a preponderance of the evidence that his conduct rendered him less culpable than other participants, the district court did not clearly err by denying his request for a minor role reduction. Accordingly, we AFFIRM his sentence.